IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                         PLAINTIFF

V.                  CASE NO. 2:23-cr-00017-DPM

DEMARCUS PARKER                                DEFENDANT

**DEFENDANT'S OFFER TO STIPULATE TO FACT HE WAS UNDER INDICTMENT FOR PURPOSES OF 18 U.S.C. § 922(n) AT TIME OF CHARGED ACTS PURSUANT TO *OLD CHIEF***

COMES NOW the Defendant by and through counsel Michael Kiel Kaiser of Lassiter & Cassinelli, and for his motion to suppress custodial statements, states:

In *Old Chief v. United States*, the Supreme Court of the United States held it was error for a trial court to refuse to accept a defendant's offer of stipulation to the fact of a prior felony conviction over the objection of the prosecution in any case "in which the prior conviction is for an offense likely to support conviction on some improper ground." 519 U.S. 172, 191 (1997).

In appropriate cases, under *Old Chief*, the trial court may be compelled to accept an offer to stipulate to the fact of a prior felony conviction or criminal status. *See, e.g., United States v. Blake*, 107 F.3d 651 (8th Cir. 1997). This is one of those cases as Parker is charged with possessing a weapon while under felony indictment pursuant to 18 U.S.C. § 922(n).

Given the nature of Parker's pending felony charges (involving dozens of serious felony charges related to the shooting death of a police officer), the risk of

prejudice posed by those prior convictions is "substantial" because "the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Blake*, 107 F.3d at 652 (quoting *Old Chief*, 519 U.S. at 185); *see also United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999). Simply put, the jury would find Parker because of the allegations that he was a cop-killer rather than the evidence associated with the charged acts in this case.

The trial court must accept Parker's offer to stipulate to the fact that he was under felony indictment for purposes of 18 U.S.C. § 922(n) at the time of the charged acts, and must preclude the United States from admitting any specifics as to the nature, name, or type of pending felony charges.

WHEREFORE, the Defendant Demarcus Parker respectfully requests that this Court accept his offer to stipulate to the fact that he was under felony indictment for purpose of 18 U.S.C. § 922(n) at the time of the charged acts and preclude the United States from introducing any evidence regarding the name, nature, and/or facts of Parker's then-pending felony charges.

Respectfully submitted,

Michael Kiel Kaiser
MICHAEL KIEL KAISER (AR2015001)
Attorney for Defendant
Lassiter & Cassinelli
1218 W 6th Street
Little Rock, AR 72201
(501) 370-9300
Email: Michael@LCArkLaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 17, 23, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to AUSA Julie Peters.

                                                <u>Michael Kiel Kaiser</u>
                                                MICHAEL KIEL KAISER (AR2015001)